MARY ANN DEXTER, Administratrix, &c., of IRA E. DEXTER, deceased, *v.* THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Appellant.

Common carriers are liable for the loss of such property of a passenger, received by them as baggage, as is designed for the personal use of himself and the members of his family and is of a kind customarily carried by travelers as baggage, although such property is not intended to be used, and is not necessary for the use, comfort or convenience of the passenger *on the journey.* Their liability does not extend to articles which the passenger has purchased for a person not a member of his family and has packed with his own baggage.

Accordingly, plaintiff's intestate having purchased in New York wearing apparel for himself and other members of his family, including the material for two dresses, and also material for a dress intended for his landlady, packed these articles in a trunk, also then purchased, took passage, with this trunk as baggage, by the Erie railway and the defendant's railroad, to his home in Cortland. His trunk being re-checked by the defendant's agent at Binghamton, where the two railroads connected,

never reached Cortland, and was lost; and plaintiff brought this action to recover for it and its contents.—*Held,* that the defendants were liable for the value of all of the property, except the cloth purchased for the landlady.

(Argued March 23d, 1870; decided June 21st, 1870.)

APPEAL from a judgment ordered by the General Term of the Supreme Court, in the sixth district, upon exceptions there heard in the first instance, upon a verdict for $304.10, rendered at the Cortland Circuit, in favor of the plaintiff's intestate.

This action was brought to recover the value of a trunk and its contents lost upon the defendant's railroad. The plaintiff's intestate (her husband) was a passenger from New York by way of the Erie and the defendant's railroad, to Cortland, where he resided. He purchased in New York, the trunk and its contents, consisting of wearing apparel for himself, some for his wife and other articles for other members of his family, including the material for two dresses, and also the material for a dress intended for his landlady. The trunk was received and checked by the Erie to Binghamton and there by the defendant's agents, as travelers' baggage in the usual manner. On the arrival of the deceased at Cortland, he presented the check for his trunk and it was not delivered, and was not afterward found by the defendant's company. The case was tried at the circuit in Cortland county, in January, 1867, when the above facts appeared. The defendant's counsel moved for a nonsuit, on various grounds, then stated, as follows: 1st. That the defendant was not liable for the trunk and its contents as the baggage of a passenger. 2d. That defendant was not liable for the trunk and its contents as the baggage of a passenger, the same not in fact being baggage. 3d. That the defendant is not liable for the same as freight, it not having been shipped as such. 4th. That upon all the testimony, in view of all the facts and circumstances surrounding the plaintiff's journey to New York and return, the trunk and its

contents were not necessary or material for the use, comfort or convenience of the plaintiff on such journey.

That upon such testimony, facts and circumstances, it was not necessary or important that the plaintiff should purchase for his use, convenience or comfort, on said journey, the articles alleged to be lost. The motion for nonsuit was denied, and the defendant's counsel duly excepted. The defendant's counsel then requested the judge to charge upon twenty-one different propositions as there specified, making such request apply to the several items embraced in the plaintiff's account of the contents of the trunk, and also asked the court to submit various specific questions to the jury and require an answer thereto separately. All of which requests were refused by the circuit judge, and the defendant's counsel duly excepted.

The court thereupon directed a verdict for the plaintiff for the value of the trunk and contents, $304.10, to which direction the defendant's counsel duly excepted. The exceptions were ordered to be heard in the first instance at the General Term, where a motion for a new trial was made and denied and judgment ordered upon the verdict, from which the defendants then appealed to this court.

*Oliver Porter*, for the appellant, on the question discussed in the opinions, cited *Merritt* v. *Earl* (29 N. Y., 115); *Hawkins* v. *Hoffman* (6 Hill, 589); *Orange County Bank* v. *Brown* (9 Wend., 86, 114); *Merrill* v. *Grinnell* (30 N. Y., at pp. 610, 619, 621); 3 Kern., 322; 4 Bosw., 225.

*Milo Goodrich*, for the respondents, on the same question, cited *Merrill* v. *Grinnell* (30 N. Y., at p. 617); *Davis* v. *Cayuga & S. R. R. Co.* (10 How. Pr., 330); *Van Horn* v. *Kennit* (4 E. D. Smith, 453); *Duffy* v. *Thompson* (id., 178); *McCormick* v. *Hudson River R. R. Co.* (id., 181); *Grant* v. *Newton* (1 id., 95); *Glasco* v. *N. Y. Central R. R. Co.* (36 Barb., 557); *Nevins* v. *Bay State S. Co.* (4 Bosw., 225); *McGill* v. *Rowland* (3 Barr, 451); *Parmelee* v. *Fischer* (22 Ill., 212); *Davis* v. *Michigan R.* (id., 278); *Wood* v. *Devin*

(13 id., 746); *Ouimit* v. *Henshaw* (35 Vt., 604); *Porter* v. *Hildebrand* (14 Penn. 2 Harris,)129.

E. DARWIN SMITH, J. The points made upon the motion for a nonsuit present the true theory of the defence, and present for discussion and consideration the true principles upon which the right of action of the plaintiff depends. The requests to charge, and the propositions submitted to the circuit judge, are simply reiterations in a different form, quite needlessly made, of the same points or questions. It is not denied and cannot be, in view of the numerous decisions on the subject in this State and in others, that the defendants, as a carrier of passengers, are responsible for the carriage and safe delivery of such baggage as by custom and usage is ordinarily carried by travelers, and that the payment of the usual fare includes, in contemplation of law, a compensation for the conveyance of such baggage. (Edwards on Bailment, 580; Story on Bailment, 499; *Orange Co. Bank* v. *Brown*, 9 Wend., 114; *Pardee* v. *Drew*, 25 Wend., 460; *Powell* v. *Meyers*, 26 Wend., 591; *Merrill* v. *Grinnell*, 30 N.Y., 594.)

The difficulty is not with the rule of law, but with its particular application to the facts of the case.

It is for the obvious interest of the carriers of passengers to encourage travel by allowing the passenger to take with him as baggage whatever he may deem proper or desire for his necessity, comfort, convenience, pleasure or amusement on the journey or on his stay away from his home, within reasonable limits.

The question, as held in *Merrill* v. *Grinnell*, where property lost by a traveler is claimed as baggage, is whether it is or was a reasonable description or class and amount of baggage, in view of the condition in life of the passenger, the extent and object of his journey, the time of his contemplated absence from his home, and other particular circumstances of the case. The error, I think, in the argument of the defendant's counsel, as presented at the trial on his motion for a nonsuit, and in his numerous requests, is in the

claim that the baggage which a traveler may take, and the carrier must safely transport and deliver, is limited to such apparel or other articles as "were absolutely" necessary or material for his use, comfort or convenience on his journey, or while away from his home. In this case, the plaintiff's husband was away from his home without a trunk or any articles of wearing apparel, so far as we can see from the evidence, except such as he had upon his person. The trunk and apparel, for which the action was brought, were purchased in the city of New York to take with him on his return home. He probably did not need or intend to use any portion of it by the way. He left New York at six o'clock P. M., and arrived at his home in Cortland the next morning or forenoon.

The argument of the counsel in effect is, that having no occasion for the use of the clothing or other articles contained in the said trunk on the way, he had no right to carry them as baggage at the risk of the carrier, or any baggage. Such a rule would, I think, be too strict and narrow for these times, when steamboats and railroads have so wonderfully increased the temptations and facilities for travel, and superseded the old modes of transportation by stage-coaches, canal and river boats, and other ways as means of transportation from place to place formerly in use.

It would be a more fair rule to hold the carrier responsible for whatever he received as baggage from the traveler within such limits as to weight and amount as the carrier might fix and prescribe. Public carriers and the courts, I think, have been growing more liberal on this subject of late than formerly. The case of *Merrill* v. *Grinnell* indicates the growth of a spirit of progress and expansion on this subject corresponding with the great increase of travel and intercommunication among the people in modern times.

In this case, the assignor of the plaintiff and the owner of the trunk, for whose loss, with its contents, the action was brought, was allowed to recover for many articles of clothing, besides money, that the passenger did not need to use by

the way.   He was an emigrant from Germany to New York, and purchased his ticket at Hamburg for the transportation of himself and baggage to New York via Hull and Liverpool; his baggage consisting of a black leather trunk and its contents, consisting of a large amount of wearing apparel, among which were six dozen shirts, two swords, valued at sixty-eight dollars, $800 in gold, and other articles, valued in all at $1,991.27.   This court allowed the plaintiff to recover for all these articles.   The chief controversy related to the money. It is quite apparent that of these materials of wearing apparel, very few, and of the money very little, if any, were requisite for the use of the passenger by the way.   His ticket for transportation was paid for at Hamburg before he started, and it does not appear that he sought or had occasion to open or to take anything from his trunk before his arrival in New York, where, upon demand for it, it was found to have been stolen or lost.

This case, I think, clearly establishes that the right of the traveler to recover of the carrier for lost baggage is not limited to such apparel or other articles as he expected to use or needed by the way.   I think a young man, for instance, may start from his eastern home to remove to and take up his residence in a western State or city and take with him his ordinary wearing apparel, though he might not need or expect to use a single article of it by the way, except such as he wore upon his person; and I cannot admit that it would be a sound rule of law, to hold that, if a gentleman from the interior of the State or country should purchase in New York or in any other city a new coat or a new suit of clothes for his own use and put it into his trunk,      he could not recover of the carrier for its loss, because he did not expect to stop to wear it or to put it on by the way.   With the exception of the few articles purchased for his wife and other members of his family, the contents of the trunk in controversy in this action consisted of articles of male attire suitable for the condition of the plaintiff's husband, and purchased and designed, as he testified, for his immediate personal use.

The case is not one where there was any fraud practiced or

intended upon the carrier, or any implied misrepresentation that the articles were apparel or clothing, when in fact they were merchandise, as in the case of *Pardee* v. *Drew* (25 Wend., 460). In that case the plaintiff was a merchant, residing at Delhi, in the county of Delaware. He put on board the defendant's steamboat, in New York, a trunk to be transported to Catskill, and took passage himself at the same time to accompany the trunk home, where he would doubtless, in the ordinary course of travel, arrive on the same day. The trunk was filled with silks and other fine goods of the value of about $300, purchased for sale, and contained nothing else. The plaintiff recovered for the value of the trunk and its contents at the circuit, and the Supreme Court set aside the verdict and granted a new trial, on the ground that the trunk was filled with *merchandise*. Chief Justice NELSON said the trunk did not contain an article for the personal convenience of the traveler; " that the contents of the trunk had no necessary connection with the baggage which it is customary to allow passengers to carry for a journey."

He said, also, that the representation of the trunk and the contents as baggage, in the customary sense, was unfair, and calculated to impose upon the captain, which of itself would exonerate the defendants." This is the true ground on which the carrier is exempt from liability in such cases. The implication, upon the facts of this case, is, that if the trunk had contained the customary baggage, that is, clothing and articles designed for personal use of plaintiff and his family, he would have been entitled to recover, although the trunk was purchased in New York and simply transported to the plaintiff's home with him on his return home. This case is put upon the express ground that the contents were *merchandise* and not personal baggage. It virtually admitted that, if the trunk had contained such baggage as is customarily taken by travelers, the defendant would be liable And in that case, it is quite apparent that if the trunk had been then filled with wearing apparel, the plaintiff could hardly be expected to use or need it on his way home. It

would have been taken for use after his return to his home. The rights of the traveler in respect to his baggage cannot, I think, properly rest upon a rule so restricted as claimed by the defendant; one which would operate so harshly and unreasonably upon the traveling public. If the plaintiff's husband had taken this trunk and its contents with him when he left home, it could scarcely be pretended that he was not entitled to take it home with him from New York as personal baggage at the risk of the carrier. I think he was entitled to equal protection for it on his journey homeward from New York. No fraud was perpetrated or designed upon the railroad company. The trunk was of such description with its contents as was customarily taken and carried unquestioned by all travelers. There was really no dispute about the facts at the circuit, and the direction of the circuit judge to the jury to render a verdict for the plaintiff was therefore not erroneous, and the judgment at the General Term should be affirmed.

But a majority of the brethren think that the dress purchased by the deceased for his landlady at the cost of seven dollars should not have been embraced in the verdict, and that the plaintiff was not entitled to recover for that sum. The judgment should therefore be modified by striking out the said sum of seven dollars, and the interest thereon from the date of the verdict be deducted therefrom; and for the residue, the judgment should be affirmed.

Judgment so modified and affirmed with costs.

Lott, J. (dissenting.) It appears by the evidence of the plaintiff's intestate that the different articles claimed as baggage (including some female wearing apparel) were purchased in the city of New York by the plaintiff's intestate for use after he reached his home in Cortland county, and were not intended to be used on his journey. They did not, in my opinion, constitute baggage within the meaning of that term as applicable to a passenger over the defendant's road. Webster's definition comprehends all that can properly be included

in it. He defines it to be "the clothing and other conveniences which a traveler carries with him on a journey." It cannot extend to articles which were not intended to be used until the journey was terminated, having no connection with or reference whatever to his personal comfort, convenience and enjoyment as a passenger during the journey.

If, however, I am mistaken in that construction, I can see no ground for holding that wearing apparel or articles purchased for his wife or girl in his family, much less for his "landlady," neither of whom accompanied him on his journey, constituted a part of *his* personal baggage, and the court erred in permitting a recovery therefor. The judgment must be reversed and a new trial ordered, costs to abide the event.

For affirmance, as modified, SMITH, GROVER, FOSTER and INGALLS, JJ., and EARL, Ch. J.

For affirmance without modification, SUTHERLAND, J.

For reversal, LOTT, J.

HUNT, J., concurred with LOTT, J., as to the cloth for dresses.

Judgment affirmed as amended.