ISAAC M. SLOMAN, RESPONDENT, *v.* THE GREAT WESTERN RAILWAY COMPANY, APPELLANT.

*Common carrier — liability of, for merchandise carried as baggage — contract for.*

Railroad companies are not liable for the loss of merchandise delivered to them, under the guise of baggage, for transportation with a passenger.

They are liable, however, if they knowingly undertake to transport merchandise in trunks or boxes, which have been received by them for transportation in passengers' trunks, unless the agent who receives the package for that purpose violates a regulation of the company by so doing, and the passenger has notice of such regulation.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought to recover damages for the loss of and injury to the contents of certain trunks of the plaintiff. It appeared upon the trial that the plaintiff was a wholesale clothing merchant in Rochester. His son Marcus was traveling for him as his agent, and selling his wares. On the 18th of August, 1873, he was at Flint, Michigan. He had with him, to aid him in selling his father's goods, two large trunks, thirty-six inches in length, twenty-seven inches in depth and twenty-four inches in width, weighing about 306 pounds apiece when full, filled with samples of clothing. On the afternoon of that day he left Flint to return to Rochester. About fifteen minutes before the train left he presented himself, with his trunks, to the baggage-master, who asked where he wanted his trunks checked to. He told him that he did not know at that time, as he had sent a dispatch to a customer at Fentonville to know if he wanted any goods, and if he did not he would go to Rochester, as he expected to meet some customers on the train. Just before the train started he procured his trunks to be checked, and took a receipt for the same as extra baggage.

The trunks and their contents were exclusively the property of the plaintiff. The son was traveling exclusively in his father's business and at his father's expense. The draw in the bridge upon the Welland canal was open at the time when the defendant's train, carrying the plaintiff's agent and the plaintiff's goods, attempted to cross, and the engine and baggage car went into the canal. The goods were damaged to a considerable amount, and the plaintiff brought suit. The jury rendered a verdict for the plaintiff, and answered two questions specifically put to them, in the affirmative:

First. Did the baggage-master at Flint, at the time of the reception of the property in question, have notice that the trunks delivered to him by Marcus J. Sloman contained other than his ordinary personal baggage?

Second. Were these trunks precipitated into the Welland canal by the gross negligence of the defendant's agents or servants?

*E. C. Sprague*, for the appellant.

*W. J. Cogswell*, for the respondent.

GILBERT, J.:

Railroad companies are not liable for the loss of merchandise delivered to them, under the guise of baggage, for transportation along with a passenger. (*Belfast, etc., R. R. Co.* v. *Keys*, 9 H. of L. Cases, 556; *Cahill* v. *London and N. W. R. R. Co.*, 13 C. B. [N. S.], 818; *Hudston* v. *Midland R. R.*, 4 Q. B. [L. R.], 366; *Smith* v. *B. and M. R. R.*, 44 N. H., 325; *Collins* v. *Boston and M. R. R.*, 10 Cush., 506; *Pardee* v. *Drew*, 25 Wend., 459; *Hawkins* v. *Hoffman*, 6 Hill, 586; *Dexter* v. *Syracuse R. R. Co.*, 42 N. Y., 326; *Stimson* v. *Conn. Riv. R. R.*, 98 Mass., 83.) They are liable if they knowingly undertake to transport merchandise, in trunks or boxes which have been received by them for transportation, in passenger trains, unless the agent who receives the packages for that purpose violates a regulation of the company by so doing, and the passenger or owner of the goods has notice of such regulation. (Cases, *supra; Gt. Northern R. R.* v. *Shepherd*, 8 Exch., 30; *Buther* v. *Hud. Riv. R. R.*, 3 E. D. Smith, 571; *Brooke* v. *Pickwick*, 4 Bing., 218; *Stoneman* v. *Erie Railway*, 52 N. Y., 429.)

No evidence was given of any regulation of the company whose baggage-master received the trunks in this case, nor of the com pany which is the defendant here. The authority of the baggage master to do the acts which he did, seems to be clear enough, and it is shown by the case of *Perley* v. *N. Y. Cen. and H. R. Co.*, in the Court of Appeals, which was decided May twelfth last. The main question which we have to decide, therefore, is whether the baggage-master received the trunks with notice or knowledge that they contained merchandise or articles that would not fall under the legal denomination of baggage. All the evidence upon that subject was given before the plaintiff rested, and if it was insufficient to show such notice or knowledge, the judge erred in denying the motion of the defendant for a nonsuit.

The trunks lost were thirty inches long, twenty-four inches wide and twenty-seven inches deep. They contained only articles of ready-made clothing, which were carried as samples, and they weighed near 300 pounds each when full. Upon the delivery of the trunks the passenger was asked by the baggage-master, who received them, where he wanted his trunks checked to. The passenger replied that he did not know at that time, as he had sent a dispatch to a customer at Fentonville (a place on his route) to know if he wanted any goods, and if he did not, he (the passenger) would go to Rochester, as he expected to meet some customers on the train. Eventually the trunks were checked to Rochester, and the passenger paid and took a ticket for the transportation of them as extra baggage. This ticket was headed " Receipt ticket for extra baggage and dogs," and it contained a request that passengers should give up the ticket when they delivered their baggage, to show that the amount had been paid, and at all times procure tickets for charges paid for baggage.

We are unable to discover in this evidence any thing warranting the inference that the baggage master knew, or had any reason to suppose that the trunks contained merchandise, or that the extra fare received by him, was received for aught but the transportation of baggage, which exceeded in weight that which passengers are allowed to have carried for the usual fare for the transportation of a passenger. The passenger said nothing respecting the contents of the trunks. They were received and checked in the same way

that baggage is ordinarily received and checked, and a receipt for them was taken by the passenger, showing that they were received and were to be called for as baggage. It does not appear that the baggage-master knew the passenger or his business, nor that he (the baggage-master) had ever received such trunks before from the passenger or from anybody else. Neither the appearance of the trunks nor the talk about customers afforded an intimation respecting the contents of the trunks. Traveling merchants or their agents may stop to see customers, or regulate their journey in order to meet them, without carrying trunks of merchandise. Moreover, the ticket taken in this case repels any inference which might otherwise have been drawn from these facts, that the contents of the trunks were not baggage. (See 9 H. of L. Cases, *supra.*) We are of opinion that there was a failure of proof of the requisite knowledge, by the baggage-master, of the contents of the trunks. But no intimation of an exemption from liability, without an express contract to carry the trunks as packages of merchandise, is intended. On the contrary, we are of opinion that the defendant in this case would have been liable, if it had been shown that the trunks were received for transportation with knowledge by the baggage-master that they contained merchandise.

This conclusion renders it unnecessary to consider whether gross negligence, on the part of the defendant was proved, or whether that fact, if established, would render the defendant liable.

With respect to the other questions presented, we think the Circuit judge disposed of them correctly.

The judgment must be reversed and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.