JOHN A. MILLARD, JR., RESPONDENT, *v.* THE MISSOURI, KANSAS AND TEXAS RAILROAD COMPANY, APPELLANT.

*Former adjudication — only a bar, as to matters litigated and decided therein — Entire contract — what is not.*

April 30, 1873, the plaintiff purchased from the defendant, at St. Louis, a ticket for Dennison, Texas. He had with him a valise containing wearing apparel and a box or trunk containing merchandise.

Upon applying for checks he informed the defendant's agent that the trunk contained articles other than his baggage, and was required to, and did, pay extra compensation for the transportation thereof by the defendant. The valise and trunk having been burned the plaintiff brought an action to recover for the loss of the contents thereof, describing the articles as baggage. Upon the trial upon the demand of the defendant, the court refused to allow the plaintiff to recover for the loss of the articles of merchandise, on the ground that they were not included in the word "baggage," used in the complaint. The plaintiff having recovered in that action for the loss of his baggage, brought this action to recover for the articles of merchandise.

*Held,* that his right to recover for the loss of his merchandise was not litigated in the former action, and that the judgment therein was not a bar to the prosecution of this action. That the contract to carry the baggage was distinct and separate from the contract for the carriage of the merchandise.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

On the 30th of April, 1873, the plaintiff and one William Brady purchased tickets and took passage on board defendant's cars at St. Louis, Mo., for Dennison, Texas. Plaintiff had with him a valise containing his wearing apparel and articles known as baggage, and a packing-box, or trunk, containing the merchan-

dise specified in a schedule annexed to the complaint in this action.

Brady had with him one trunk, containing his personal baggage and two packing-boxes, or trunks, containing the articles specified in a schedule annexed to the complaint in this action.

The tickets entitled the plaintiff and Mr. Brady to carry a certain amount of baggage without extra compensation, and their baggage contained in the valise and trunk did not exceed the amount so allowed. The defendant's agent at St. Louis, however, refused to put the packing-boxes aboard the train, and insisted that they should be sent as freight. The plaintiff explained to him the nature of their contents, and that it was important that they should go on the train with them ; and, thereupon, the agent weighed them together with the baggage, and charged eight or ten dollars for carrying the packing-boxes, which plaintiff and Mr. Brady paid to the defendant, and they were then put aboard the train with the baggage, and all were destroyed on the following day, while in defendant's possession during the journey.

Mr. Brady assigned his claims against the defendant to the plaintiff, and, in 1873, the latter brought an action to recover the value of the *baggage* so lost, and in January, 1878, recovered a judgment in said action, which was paid. A bill of particulars was served in that action which contained the items of merchandise contained in the packing-boxes as well as the baggage, but the court ruled upon the trial that nothing but the personal baggage, viz.: the contents of the valise and trunk, could be recovered for in that action, as the complaint did not allege the contract to convey the merchandise, and that the merchandise did not come within the term baggage, and accordingly excluded proof in regard to the same ; and, thereupon, plaintiff withdrew all claims for such merchandise from the consideration of the jury.

This action was then brought upon the agreement of defendant to carry said merchandise as special freight, for which it was paid as aforesaid ; and from the judgment recovered by the plaintiff for the value thereof this appeal was taken.

*Starr & Ruggles*, for the appellant. The contract between

plaintiff and defendant being entire, and plaintiff having had one recovery and satisfaction therefor, has exhausted his remedy; the former judgment is a complete bar to this action. (*Baird* v. *United States*, 96 U. S. [VI. Otto], 430, 432; *O'Beirne* v. *Lloyd*, 43 N. Y., 248; *Hopf* v. *Myers*, 42 Barb., 270; *Secor* v. *Sturgis*, 16 N. Y., 548; *Bendernagle* v. *Cocks*, 19 Wend., 207; *Fish* v. *Folley*, 6 Hill, 54; *Miller* v. *Covert*, 1 Wend., 487; *Farrington* v. *Caswell*, 15 Johns., 432; *Jex* v. *Jacob*, 8 W. Dig., 557.) The judgment of a court of competent jurisdiction is final not only as to the subject matter thereby actually determined, but as to every other matter which the parties might litigate in the cause and which they might have had decided. (*Embury* v. *Conner*, 3 Comst., 522 ; *Hopf* v. *Myers*, 42 Barb., 270; *Dunham* v. *Bower*, Ct. of App., 19 Alb. Law Jour., 458.)

*Freling H. Smith*, for the respondent : The plaintiff had two cases of action against the defendant. (1.) One for the loss of *baggage*. (2.) The other for the loss of merchandise, upon the agreement to carry the same, as special freight, for a consideration separate from the purchase of the tickets. (*Sloman* v. *The Great Western Railway Co.*, 67 N. Y., 208; *Stoneman* v. *Erie Railway Co.*, 52 id., 429.)

BARNARD, P. J. :

There is but a single question presented by this appeal. The facts are undisputed. The plaintiff and one Brady were passengers upon the defendant's road, having purchased tickets at St. Louis, Mo., for Dennison, in the State of Texas. Each had what is technically known as baggage, and each beside had articles and merchandise, not baggage, in separate trunks and boxes. The agent of the defendants refused to check the baggage and merchandise without extra charge. He was informed that the trunks contained articles other than baggage. The trunks were weighed, and a special rate of freight charged for and paid by plaintiff and Brady. The defendants failed to carry the same safely, and it was entirely lost before reaching Dennison. The plaintiff brought his action in the Supreme Court of New York, claiming to recover the entire damage under the name of the descriptive

word, as stated, of baggage. Upon the trial the defendant objected that the articles now sued for did not come within the description of baggage, and the judge who tried the case so decided, and, as to the articles now in question, dismissed the complaint. The plaintiff, who is also the assignee of Brady, now seeks to recover for the articles which were not comprised within the term baggage, and the defendant claims that the former action is a bar to his recovery. A former action is a bar to a subsequent one only as to those claims which were in fact litigated or might have been litigated under the issues as made. There was no issue made except as to the baggage. All other proof was excluded by defendant, thus confining the former action to that alone. Some cases even hold that when a claim is within the issues, if it was not in fact litigated, the former action is no bar to a subsequent action for the claim not litigated. In this case the articles now sued for were formally withdrawn by the plaintiff, after the judge decided that nothing but baggage could be recovered for under the pleadings in the former action. The ruling seems to be sustained by authority that the present articles could not be included as baggage. (*Dexter* v. *Syracuse R. R. Co.*, 42 N. Y., 326.) The objection being made by defendant that they were not so included, and the claim, in consequence of such objection having been withdrawn, it should, as between the parties, be held conclusive in this case. It was not an entire contract which could not be severed, as to baggage and things not so classed.

The defendant having been informed that the trunks and boxes contained other articles, and a special rate having been charged therefor, there were two agreements : one to carry the passengers and their baggage, and the other to carry their merchandise with the baggage. (*Sloman* v. *The Great Western Railway Co.*, 67 N. Y., 208 ; *Stoneman* v. *Erie Railway Co.*, 52 id., 429.)

The judgment should therefore be affirmed, with costs.

GILBERT, J. :

I think that the judgment in the former suit is not a bar : (1.) That was a suit to recover for the loss of personal baggage, whereas this is one to recover for the loss of merchandise. (2.)

Separate contracts were made for the transportation of each description of property. (3.) If either of these facts were susceptible of doubt that is obviated by the defendant's conduct upon the former trial. The defendant then objected to the admission of evidence of the loss of the items embraced in the present action, upon the ground that they did not come within the description of personal baggage, and, therefore, such evidence was excluded, and all claim for such loss was voluntarily withdrawn from the consideration of the jury by the plaintiff. The rule that an entire claim cannot be divided and so made the subject of several actions, and that a judgment for a part is a bar to another suit for the remainder, is one for the protection of the debtor and may be waived by him. Such a rule cannot be perverted into an instrument of fraud or injustice. (*Mills* v. *Garrison*, 3 Keyes, 40.)

Moreover, it is plain that the articles included in this action were not personal baggage. (*Dexter* v. *Syracuse R. R.*, 42 N. Y., 326.) Hence the defendant might properly exact compensation for the transportation of them as merchandise. Its agent did so, and the extra compensation was paid. The law implies from such a transaction a contract distinct from that which springs from the purchase of tickets. The latter imposed only the obligation of carrying the passenger and his baggage, while the former was made at a subsequent time and imposed a different obligation. (*Stoneman* v. *Erie R. Co.*, 52 N. Y., 429; *Sloman* v. *Great Western R. Co.*, 67 id., 208.) Nor can a railroad company be heard to claim that merchandise, for the transportation of which extra compensation had been exacted by them and paid, is baggage, because its weight, together with that of the other articles received for transportation, did not exceed the weight which the passenger was entitled to have carried as baggage.

The judgment must be affirmed, with costs.

Present — BARNARD, P. J., and GILBERT, J.; PRATT, J., not sitting.

Judgment affirmed, with costs.