### WEINBERG v. NATIONAL S. S. Co., Limited.

(*Superior Court of New York City, General Term.* January 6, 1890.)

1. CARRIERS—LIMITING LIABILITY.
    A special contract, exempting a carrier from liability for loss occasioned by negligence of its servants, does not exempt the carrier from liability for its own negligence.

2. SAME—OWNERSHIP.
    Where doubts exist as to the value of the property, and the ownership of it, as between plaintiff and her husband, the questions should be submitted to the jury.

Appeal from jury term.

Action by Isabella Weinberg against the National Steam-Ship Company, Limited, for baggage not delivered. Judgment for plaintiff. Defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*John Chetwood*, for appellant.    *A. D. Pape*, for respondent.

FREEDMAN, J.    Whether or not the missing goods in suit had been delivered to the defendant for transportation was, upon evidence sufficient for that purpose, left to the jury as a question of fact, with the instruction that the burden of establishing a delivery was upon the plaintiff. The verdict of the jury determined the fact in favor of the plaintiff. Upon the question of

defendant's liability, it appears that the plaintiff was a passenger on a steamship of the defendant, which sailed from Liverpool to New York; that the missing goods were delivered by her to the steam-ship, in case or trunk, as part of her baggage, and were not delivered to her by the ship on arrival at New York; and that her contract for passage was a special one, which in terms exempted the company from liability for loss occasioned by the negligence of the company's servants, but which did not, in terms nor by necessary implication, exempt the company from liability for loss occurring through its own negligence. This left the company liable for its own negligence, for the authorities of this state are to the effect that although a common carrier may contract for exemption from liability for loss occurring through his own negligence, as well as that of his servants, (*Steers* v. *Steam-Ship Co.*, 57 N. Y. 1; *Poucher* v. *Railroad Co.*, 49 N. Y. 263; *Magnin* v. *Dinsmore*, 56 N. Y. 168,) the contract is not to be deemed to include his own negligence by any general words, nor unless it in clear and explicit form embraces such negligence, (*Westcott* v. *Fargo*, 61 N. Y. 542; *Ghormley* v. *Dinsmore*, 51 N. Y. Super. Ct. 196, 53 N. Y. Super. Ct. 36.) The defendant gave no evidence showing a loss by the negligence of any of its servants, nor does the evidence given by and on behalf of the plaintiff justify any such inference. In fact, the case, at the trial, resolved itself into one of non-delivery without any explanation. As this was of itself *prima facie* evidence of negligence in the defendant, (*Canfield* v. *Railroad Co.*, 93 N. Y. 532,) and the question of defendant's negligence was, upon all the facts and circumstances, left to the jury as a question of fact, with the instruction that the burden of establishing negligence in the defendant was upon the plaintiff, the defendant has no cause of complaint.

The only remaining question relates to the amount of the verdict. The contract was for the passage of the plaintiff and her two children. Plaintiff's bill of particulars amounted to $452. At the close of the testimony on both sides, the counsel for the defendant made several motions for reductions, on the ground that some of the items did not constitute baggage, and that some belonged to plaintiff's husband. These motions were denied, and exceptions were taken to some, but not all, of the denials. The exceptions which were taken appear to be untenable, for the reason that the several motions to which they relate were, in view of the facts, too broad. Moreover, the trial judge finally disallowed numerous items, and then instructed the jury that the possible amount of plaintiff's recovery could not exceed $226, to which instruction no exception was taken. There is no exception anywhere to the allowance of the children's clothing, nor was any request made for any further instruction. The verdict of the jury did not exceed $226, and, under all the circumstances, no substantial reason appears for a disturbance of the verdict. Under the decision of *Dexter* v. *Railroad Co.*, 42 N. Y. 326, baggage includes all articles designed for the personal use of the passenger, and the members of his family, and customarily carried by travelers as baggage, although they are not intended to be used, and are not necessary for the use, comfort, or convenience of the passenger, on the journey. If there was any reason to doubt the statement of the plaintiff that, as between herself and her husband, the articles recovered for were hers, the defendant should have requested a submission of the question of ownership to the jury as a question of fact. No such request was made. The judgment and order should be affirmed, with costs. All concur.