By the Court.—Freedman, J.
Whether or not the missing goods in suit had been delivered to the defendant for transportation, was, upon evidence sufficient for that purpose, left to the jury as a ques *587 tion of fact, with the instruction that the burden of establishing a delivery was upon the plaintiff. The verdict of the jury determined the fact in favor of the plaintiff.
Upon the question of defendant’s liability it appears that the plaintiff was a passenger on a steamship of the defendant which sailed from Liverpool to New York ; that the missing goods were delivered by her to the steamship in a case or trunk as part of her baggage, and were not delivered to her by the ship on arrival at New York ; and that her contract for passage was a special one which in terms exempted the company from liability for loss occasioned by the negligence of the company’s servants, but which did not in terms nor by necessary implication exempt the company from liability for loss occurring through its own negligence. This left the company liable for its own negligence, for the authorities- of this state are to the effect that, although a common carrier may contract for exemption from liability for loss occurring through his own negligence as well as that of his servants, (Steers v. Liverpool, N. Y. & Phil. S. S. Co., 57 N. Y. 1 ; Poucher v. N. Y. C. R. R. Co., 49 Ib. 263 ; Magnin v. Dinsmore, 56 Ib. 168 ;) the contract is not to be deemed to include his own negligence by any general words, nor unless it in clear and explicit form embraces such negligence. Westcott v. Fargo, 61 N. Y. 542 ; Ghormley v. Dinsmore, 51 N. Y. Super. Ct. 196, and 53 Ib. 36. The defendant gave no evidence showing a loss by the negligence of any of its servants, nor does the evidence given by and on behalf of the plaintiff justify any such inference. In fact the case, at the trial, resolved itself into one of non-delivery without any explanation. As this was of itself • prima facie evidence of negligence in the defendant, (Canfield v. Balt. & Ohio R. R. Co. 93 N. Y. 532,) and the question of defendant’s negligence was upon all *588 the facts and circumstances left to the jury as a question of fact, with the instruction that the burden of establishing negligence in the defendant was upon the plaintiff, the defendant has no cause of complaint.
The only remaining question relates to the amount of the verdict. The contract was for the passage of the plaintiff and her two children. Plaintiff’s bill of particulars amounted to $452. At the close of the testimony on both sides the counsel for the defendant made several motions for reductions, on the ground that some of the items did not constitute baggage, and that some belonged to plaintiff’s husband. These motions were denied, and exceptions were taken to some, but not all, of the denials. The exceptions which were taken, appear to be untenable ' for the reason that the several motions to which they relate were, in view of the facts, too broad. Moreover the trial judge finally disallowed numerous items, and then instructed the jury that the possible amount of plaintiff’s recovery could not exceed $226, to which instruction no exception was taken. There is no exception anywhere to the allowance of the children’s clothing, nor was any request made for any further instruction. The verdict of the jury did not exceed $226, and under all the circumstances no substantial reason appears for a disturbance of the verdict. Under the decision of Dexter v. The Syracuse, Binghampton & N. Y. R. R Co., 42 N. Y. 326, baggage includes all articles designed for the personal use of the passenger and the members of his family and customarily carried by travellers as baggage, although they are not intended to be used and are not necessary for the use, comfort or convenience of the passenger on the journey.
If there was any reason to doubt the statement of the plaintiff that, as between herself and her husband, the articles recovered for were hers, the *589 defendant, should have requested a submission of the question of ownership to the jury as a question of fact. No such request was made.
The judgment and order should be affirmed with costs.
Sedgwick, Ch. J., and Ingraham, J., concurred.