## VAN BERGH v. CUNARD S. S. CO.
### No. 10355.

District Court, E. D. New York.
Jan. 31, 1930.

Harry D. Thirkield, of New York City, for libelant.

Lord, Day & Lord, of New York City (James S. Hemingway and Charles W. Merritt, both of New York City, of counsel), for respondent.

**546**

GALSTON, District Judge.

This libel is for the recovery of damage to a gown belonging to libelant's wife.

In July, 1927, the libelant, his wife and daughter, were passengers on the steamship Mauretania, bound from New York to Southampton. Among other articles of baggage was a trunk. This trunk was placed in a passageway outside of the stateroom by the steward of their rooms. They were in the habit of leaving the trunk open, and upon one occasion fog or mist came in through an open porthole in the passageway, wet the cretonne cover which was hanging over the dresses in the trunk, and damaged one of Mrs. Van Bergh's gowns.

The only witness in the case was the libelant Van Bergh. He was unable to recall who had arranged to have the trunk placed in the corridor. He could not say whether the trunk was ever in the stateroom, nor could he say who suggested that the trunk be placed in the corridor.

In order to determine the rights of the parties, recourse must be had to the contract of passage. Paragraph 10 of the contract provides:

"No suit, action or proceeding against the Company or the vessel, or the agents of either, shall be maintained for loss of, or injury to, or delay in delivery of, the passenger's baggage unless written notice of the claim with details of the loss, delay or injury, be delivered to the Company within twenty days after debarkation of the passenger; nor shall any such suit, action or proceeding be maintained for injury to the passenger or for breach of the terms hereof, unless written notice of the claim be delivered to the Company within forty days after debarkation of the passenger."

No written notice of the damage to the gown was given to the respondent, as provided for in the foregoing paragraph. This is a perfectly reasonable requirement. Courts have sustained the validity of notices of a similar nature. Anchor Line v. Jackson (C. C. A.) 9 F.(2d) 543; The Persiana (C. C. A.) 185 F. 396.

The libelant, however, seems to rest entirely on the propositions that the respondent was an insurer, and that the personalty was not baggage. As to the former proposition libelant relies on The Thessaloniki (C. C. A.) 267 F. 67, 70. It is true that in that opinion of that case there is found the passage:

"As to the cargo and passengers' baggage, it was an insurer; but, if the loss was brought within an exception of the bill of lading or of the passenger ticket, proof that the carrier was guilty of negligence lies upon the shipper or consignee and the passenger."

Assuming the applicability of this authority to the facts involved herein, it cannot be argued that the court in the Thessaloniki Case relieved the passenger from giving such notice as was provided for in the contract of carriage. It is just as though in a policy of insurance a clause required the assured to give notice of damage to the insurer; that is, granting that the Mauretania was an insurer, nevertheless, the assured, i. e., the passenger, was obligated to comply with the terms of the insurance contract. It was necessary in order to enjoy the benefits of the contract, to give the notice required by the contract.

The second proposition of the libelant that the gown "was personalty," and not, therefore, "baggage," seems to me to be wholly unsupported. Every rule of common sense and definition would seem to indicate that personal wearing apparel packed in a suitcase or in a trunk should be regarded as baggage.

1 Words and Phrases, First Series, page 669, gives the following definition:

"Baggage includes, within reasonable limits, whatever may be deemed proper or desirable for the necessity, comfort, convenience, pleasure, or amusement of the passenger on his journey, or his stay away from home; and where a person was away from home, without any article of wearing apparel except such as he had on his person, and purchased a trunk and apparel to take with him on his return home, such apparel constituted 'baggage'; and the term is not limited to such articles as the passenger expected to use or needed by the way, but includes articles purchased for the immediate personal use of the passenger, though such articles had never been worn. Dexter v. Syracuse, B. & N. Y. R. Co., 42 N. Y. 326, 331, 1 Am. Rep. 527."

Again, 1 Words and Phrases, First Series p. 664:

"Baggage includes such articles of necessity and convenience as are usually carried by passengers for their personal use, comfort, instruction, amusement, or protection; and, in considering what constitutes baggage, regard must be had to the habits and condi-

tion in life of the passenger. Chicago, R. I. & P. R. Co. v. Collins, 56 Ill. 212, 217.

"Baggage means articles of necessity and personal convenience, usually carried by passengers for their personal use, and what they are depends upon the habits, taste, and resources of the passenger. Johnson v. Stone, 30 Tenn. (11 Humph.) 419, 420."

For the reasons stated, the libel should be dismissed. Such a decree accordingly may be entered.