From the facts found by the judge at the trial, it appears that the articles for which this action is brought were chiefly owned by the plaintiff prior to her marriage in 1861, or were the proceeds of that property, except the presents made to plaintiff at the time of her marriage and prior thereto, or possibly some of it (how much, if any, except the rattle and cup, does not appear) afterward.
It further appears that, at and from the time of said marriage to the trial, the State of Maryland had been the matrimonial domicile of the plaintiff, and that, by the laws of that State at and since the marriage, a married woman in that State holds the personal property which belonged to her at her marriage or acquired or received by her after marriage, as feme sole, and to her separate use.
It was held to have been the law of Maryland, prior to the adoption of their Code, that when property is given to a femecovert to her separate use simply, without restraining her power of disposing of it or prescribing the mode in which that power is to be exercised, she may act in the disposition of it as if she were a feme sole; in fact, the statute did not apply to such cases. (Buchanan v. Turner, 26 Md. R., 1.) *Page 432 
Such was the condition of this property, with a trifling exception, as to which no separate question was raised.
But by the Code of Maryland, adopted in 1860 and prior to plaintiff's marriage, "the property, real and personal, belonging to her at her marriage or acquired or received thereafter by purchase, gift," etc., "she shall hold for her separate use, with power of devising the same as fully as if she were a femesole."
If not devised, the husband takes a certain share or all of the personal property, depending upon whether she leaves children or not, and the title shall vest in him accordingly. (Maryland Code, p. 345, art. 45, §§ 1 and 2.) She is also authorized by that Code to sue for the recovery, security or protection of her property, as fully as if she were a feme sole. (See § 4; Buchanan v.Turner, supra.) The cases cited by appellant's counsel from 12 and 19 Maryland Reports do not apply to the Code as enacted in 1860.
The counsel insists that plaintiff cannot have the benefit of our statutes in this State for protecting the rights of women "married in this State." (Laws of 1860, p. 157, § 1.) But the plaintiff does not rely upon those statutes for her right, for her title to the property; but she comes here merely for a remedy; as to that, she is governed by the lex loci, and she must sue in the mode and form prescribed by our laws. (Story Confl. Laws, § 556.) She clearly had sufficient title in the goods lost to bring the action in her own name under our Code. They were her "separate property," within the meanof that statute. (Code, § 114.)
The other question in the case is whether the plaintiff was entitled to recover for anything beyond her legitimate personal baggage. The court at the trial held that the baggage was limited to the articles designated as the plaintiff's wardrobe, and that the other articles were merchandise and not personal baggage; but the recovery was had upon the ground that its transportation was paid for as merchandise, not as baggage.
The finding is, that "she delivered seven packages of goods *Page 433 
and wearing apparel; that the defendant, in addition to the money for her passage, then demanded of her payment of ten dollars as freight for the carriage of said packages over its road, which plaintiff paid; that defendant thereupon received said packages and contents and promised to transport them," etc. There is no exception to this finding.
There is no finding and no request to find that the defendant received the packages as extra baggage or received any pay for their transportation as extra baggage.
There is no finding or proof that she in any manner concealed the contents of the packages from the defendant, or that she in any manner represented them as containing only her personal baggage; and the finding is that the defendant transported them as merchandise, not as baggage, extra or otherwise. It has become an axiom, that he who alleges error must affirmatively establish it. No presumption is indulged to reverse a judgment.
Under these circumstances, the question of the extent of plaintiff's baggage does not arise, and I think the defendant must pay for the whole property lost. (See Hannibal Railroad v.Swift, 13 Wall., 262.)
It is well settled that, in ordinary cases of transportation of freight, the carrier is responsible for a parcel, though ignorant of its contents, no matter how valuable, unless he made a special acceptance. This rule has some exceptions, and is qualified by the condition that the owner should have been guilty of no fraud or imposition in respect to the carrier, as by concealing the value or nature of the parcel, nor should he delude the carrier by his own carelessness in treating the parcel as a thing of no value. (2 Kent, 11th ed., 603; Orange Co. Bk. v. Brown, 9 Wend., at 115.) There was no such qualification in the case at bar.
I think it safe to say that, if the carrier knew or had notice of the character of the goods taken as baggage and still undertook to transport them, he is liable for their loss, although they are not traveler's baggage. (2 Red. on Railways, 149, 151, note 5, and cases.) *Page 434 
But as I do not regard the question argued in the appellant's brief as to the liability for goods assumed to be transported as extra baggage and paid for as such, as presented in the case, it is not necessary to consider it.
The judgment must be affirmed.
All concur.
Judgment affirmed.