ISAAC M. SLOMAN, Appellant, *v.* THE GREAT WESTERN RAILWAY COMPANY, Respondent.

Where a railroad company receives the trunks of a passenger with notice that they contain property other than the passenger's baggage, and charges and receives an extra compensation for their transportation, an agreement to carry the property as freight may be inferred therefrom, and proof of these facts will sustain a recovery for loss of the property.

Where in such case the property is not that of the passenger, but is in his hands as agent of the owner, and he makes the contract and pays the compensation for its carriage for account of and in the conduct of the business of his principal, an action is properly brought in the name of the latter to recover for the loss.

Plaintiff's son, a lad eighteen years of age, was employed by him as traveling agent to sell goods by sample. He had two large trunks containing the samples, different from ordinary traveling trunks, and had a valise for his personal baggage. He delivered the trunks to a baggagemaster at a railroad depot, and when asked where he wanted them checked to, replied that he did not then know, as he had sent a despatch to a customer at F. to know if he wanted any goods; if not he wanted them to go to R., where he expected to meet some customers. Soon after he had them checked to R., paying two dollars and receiving a receipt ticket for them, headed " receipt ticket for extra baggage," etc. They were not weighed, and no evidence was given as to any regulation of the company in reference to charging extra compensation for passengers' baggage. *Held*, that the evidence justified the submission to the jury of the question of notice as to the contents of the trunks.

*Sloman* v. *Great Western Railway Company* (6 Hun, 546) reversed.

(Argued September 26, 1876; decided November 14, 1876.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department reversing a judgment in favor of plaintiff, entered upon a verdict and granting a new trial. (Reported below, 6 Hun, 546.)

This action was brought to recover damages for injury to the contents of certain trunks belonging to plaintiff.

Plaintiff's proof on the trial was in substance as follows :

The plaintiff was a wholesale clothing merchant in Rochester. His son Marcus was traveling for him as agent, and selling his goods. On the 18th of August, 1873, he was at

Flint, Michigan.  He had with him two large trunks, thirty-six inches in length, twenty-seven inches in depth, and twenty-four inches in width, one covered with oil cloth, the other of wood, weighing about 300 pounds apiece when full, filled with samples of clothing.  The trunks, with their contents, belonged to plaintiff.  They were only used to transport goods, and contained no personal baggage.  On the afternoon of that day Marcus left Flint to return to Rochester.  About fifteen minutes before the train left, he presented himself with his trunks to the baggagemaster, who asked where he wanted his trunks checked to.  He replied that he did not know at that time, as he had sent a dispatch to a customer at Fentonville, to know if he wanted any goods, and if he did not he would go to Rochester, as he expected to meet some customers on the train.  Just before the train started he procured his trunks to be checked to Rochester, and took a receipt for the same as extra baggage, in the following words and form, paying two dollars charges:

" No. 20.            FLINT AND PERE MARQUETTE RAILWAY.

·  RECEIPT TICKET

FOR EXTRA BAGGAGE AND DOGS.

17 Station,.............18–8,................ ...1873.
Name, Pass ............................to Rochester.
Particulars, 2 Trunks        ....lbs.        Amount, $100.

        Received.               B. WILLIAMS,
                             *Agent and Baggagemaster.*"

The son and the baggage started on their eastward journey, in which they entered upon the defendant's road at Detroit, or Windsor.  On reaching the Welland canal, in consequence of the draw in the bridge across it having been left open, the engine and baggage car of the train containing the trunks were precipitated into the canal, and the goods were damaged.

The defendant's counsel, after the plaintiff's case was closed, and also, after all the proofs were closed, moved for a nonsuit upon the following grounds :  First, that there was no con-

tract between the plaintiff and the defendant. Second, that the goods were not the goods of a passenger. Third, that the goods were not ordinary baggage. Fourth, that there was no evidence to submit to the jury upon the question whether the defendant's agent was notified that the baggage was other than ordinary baggage. The motion was denied, and the defendant's counsel excepted.

The following questions were submitted to the jury specifically, defendant's counsel objecting and excepting:

"First. Did the baggagemaster at Flint at the time of the reception of the property in question, have notice that the trnnks delivered to him by Marcus I. Sloman contained other than his ordinary personal baggage?"

"Second. Were these trunks precipitated into the Welland canal by the gross negligence of the defendant's agents or servants?"

Both were answered by the jury in the affirmative, and a general verdict rendered for the plaintiff. Further facts appear in the opinion.

*W. F. Cogswell* for the appellant. The action was properly brought in plaintiff's name. (Story on Ag., §§ 418, 420, 421; *Grant* v. *Newton*, 1 E. D. S., 97; *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y., 55; *Hawkins* v. *Hoffman*, 6 Hill, 586.) Defendant is liable by reason of its special agreement to carry the property evidenced by the receipt. (*Stoneman* v. *E. R. Co.*, 52 N. Y., 429; *Han. R. Co.* v. *Smith*, 12 Wal., 262; *Butler* v. *H. R. R. R. Co.*, 3 E. D. S., 571; *Winter* v. *Pac. R. R. Co.*, 41 Me., 503.) Plaintiff can recover if the baggagemaster at Flint when he received the trunks, and charged extra for them, had notice that they were not the personal baggage of the passenger. (*Glasco* v. *N. Y. C. R. R. Co.*, 36 Barb., 12; *Hannibal R. R. Co.* v. *Swift*, 12 Wall., 262, 272, 274; *Stoneman* v. *The Erie Railway Co.*, 52 N. Y., 429; *Butler* v. *H. R. R. R. Co.*, 3 E. D. Smith, 571.)

*E. C. Sprague* for the respondent. There was no con tract or any other relation between plaintiff and defendant

upon which the latter was liable. (*Beecher* v. *G. E. R. Co.*, 52 B., 241; *Weed* v. *Sar. R. Co.*, 19 Wend., 534; *Richardson* v. *N. Y. C. R. Co.*, 98 Mass., 85.) Plaintiff cannot recover because the goods were not the property of the passenger. (*Richards* v. *Westcott*, 2 Bos., 589; 7 Bos., 6; *Dexter* v *Syracuse R. Co.*, 42 N. Y., 326; *Richardson* v. *N. Y. C. R. Co.*, 98 Mass., 85; *Eaton* v. *D. L. and W. R. Co.*, 57 N. Y., 382.) Defendant was not bound by the act of the baggagemaster, even if he had notice that the trunks contained merchandise, and agreed to transport them as he had no power to contract to transport freight. (*Eaton* v. *D. L. and W. R. Co.*, 57 N. Y., 382; *Mattison* v. *N. Y. C. R. Co.*, id., 552.) There was no notice to defendant that the trunks were not ordinary baggage. (*Cincinnati and Co. R. Co.* v. *Marcus*, 38 Ill., 219; *Hawkins* v. *Hoffman*, 6 Hill, 586; *Bel. R. Co.* v. *Keys*, 9 H. of L. cases, 556; *Pardee* v. *Drew*, 25 Wend., 459, 462; *Dexter* v. *Syracuse R. Co.*, 42 N. Y., 326.) The question of the character of the negligence was one of law. (*Nicholson* v. *Erie R. Co.*, 41 N. Y., 525; *French* v. *B.*, *N. Y. and E. Co.*, 4 Keyes, 108; *Wells* v. *N. Y. C. R. R. Co.*, 24 N. Y., 181; *N. Y. C. R. R. Co.* v. *Lockwood*, 17 Wall., 357; Whart. on Neg., § 49.)

RAPALLO, J. The judge submitted to the jury the question whether the baggagemaster at Flint, at the time of the reception of the property in question, had notice that the trunks delivered to him by Marcus J. Sloman contained other than his ordinary personal baggage. To this question the jury rendered an affirmative answer.

The fact thus found by the jury seems to us decisive of the case, provided the finding can be sustained. It is in evidence that the baggagemaster of the defendant charged and received for the transportation of the two trunks the sum of two dollars, in addition to the fare of Sloman for his passage. If the trunks and this compensation were received with notice that the trunks contained property other than the baggage of the passenger, then there is evidence of an agreement aside from

the contract to transport the passenger, and for a separate consideration, to carry such property as freight, and this will sustain the recovery. (*Stoneman* v. *Erie R. Co.*, 52 N. Y., 429; *Hannibal R. Co.* v. *Swift*, 12 Wall., 262, 274; *Butler* v. *H. R: R. Co.*, 3 E. D. Smith, 571; *Winter* v. *Pac. R. R. Co.*, 41 Mo., 503.)

If this finding is sustained, it disposes of the objection that the action is improperly brought in the name of the present plaintiff, and also renders the questions raised on the subject of negligence immaterial. The plaintiff was the sole owner of the trunks and their contents, which consisted wholly of merchandise. The passenger was his agent, and made the contract and paid the compensation for the carriage of the goods in the conduct of the plaintiff's business, and for his account. It is conceded by the appellant's counsel, in his brief, and is a proposition which cannot be disputed, that if the agent of the plaintiff had not been a passenger, and had made a contract for the carriage of the trunks, as freight, the defendant would be liable to the plaintiff. It is equally clear that, if such was the contract, the fact that the agent went as a passenger on the same train with the goods did not impair the rights of the plaintiff.

The court at General Term placed its decision granting a new trial on the sole ground that there was no evidence to show that the baggagemaster who received the trunks had notice of the fact that they contained any thing other than the ordinary baggage of Marcus J. Sloman, the agent of the plaintiff. It does not appear that it was stated, in terms, to the baggagemaster what the trunks contained, but the jury had the right to consider the surrounding circumstances, the appearance of the passenger and of the articles, the conversation between the passenger and the baggagemaster, and the dealing between them, and if they indicated that the trunks were not ordinary baggage, or received or treated as such, the jury had the right to draw the inference of notice, and that they were received as freight.

It appears that the passenger, Marcus J. Sloman, was a lad

of eighteen, the son of the plaintiff, and employed by him, on a salary, as traveling agent to sell clothing by sample, and that the trunks in question contained the samples. He had with him, besides the two trunks, a valise which contained his personal baggage. The trunks, as described in the evidence, do not appear to have presented the appearance of ordinary traveling trunks. They were thirty inches long, twenty-seven deep and twenty-four wide. One was covered with oil-cloth and the other was of wood. Marcus testified that the baggagemaster at Flint asked him where he wanted them checked to, and he replied that he did not know at that time, as he had sent a dispatch to a customer at Fentonville to know if he wanted any goods, and if he did not, he (Marcus) wanted to go to Rochester, as he expected to meet some customers on the train; that shortly before the train was due, witness bought a ticket for Rochester, and went to the baggagemaster and asked him to check the trunks to Rochester, which he did, and witness paid him two dollars. The trunks were not weighed, and it does not appear in the evidence for what the charge of two dollars was made. The baggagemaster gave witness a written receipt for the two trunks, headed "receipt ticket for extra baggage and dogs." The baggagemaster was called by the defendant as a witness. He gives a different statement of the conversation; says that Sloman paid him only one dollar; admits that the baggage was not weighed, but does not state what the dollar was paid for, nor whether he understood what the trunks contained, nor whether he received them as baggage or freight; neither was there any evidence as to any regulation of the company for charging extra compensation for the carriage of baggage of passengers.

We think that, upon this evidence, the judge was justified in submitting the question of notice to the jury. If they believed the testimony of the young man, Marcus, the baggagemaster had notice that he was traveling for the purpose of selling goods, and carrying these trunks for that purpose, as the place to which he wished them carried depended upon

his meeting with customers. It was highly improbable that a lad of his age, and traveling on such business, would carry with him such large trunks for the transportation of his personal effects; and the fact that the baggagemaster charged or received extra pay for their carriage is some evidence that they were not regarded as ordinary traveler's baggage, especially as the defendant did not offer any explanation of what the charge was for. From all the circumstances, the jury were, we think, authorized to draw the inference that the baggagemaster understood that the agent was traveling for the purpose of selling goods, and that these trunks contained his wares; that he was not entitled to have them carried as his ordinary baggage, and therefore the extra charge was made, and they were carried as freight.

The point is raised, on this appeal, that the evidence does not show that the baggagemaster had authority to receive the trunks as freight. No such point was raised at the trial, nor was there any evidence that it was out of the usual course of business, or contrary to the regulations of the company, to transport freight on the passenger trains. The only evidence on that point is the testimony of the baggagemaster that he had nothing to do with the freight department. The authority of the baggagemaster seems to have been assumed, and he was, in the receipt given for the trunks, as well as in the motion for a nonsuit, designated as the agent of the defendant. The motion for a nonsuit was made upon the express ground that there was no evidence to submit to the jury upon the question whether the defendant's agent was notified that the baggage was other than ordinary baggage. His authority to receive it, if it was not ordinary baggage, was not questioned. The only point was, whether there was evidence of notice to him. It is too late now to raise the question of his authority. If it had been raised on the trial, evidence might have been given on that subject.

We have examined the other exceptions taken in the case, but do not find in them sufficient ground for reversing the judgment.

The order of the General Term should be reversed, and the judgment entered on the verdict affirmed, with costs.

All concur; ALLEN, J., not voting.

Order reversed and judgment affirmed.