Mo. Pac. R'y Co. v. Teresa Slater et al.

(No. 3384.)

Appeal from Travis County.   Opinion by Hurt, J.

*(Transferred from Austin.)*

W. D. Williams, counsel for appellant.

Osceola Archer and Wm. N. Brown, counsel for appellee.

§ 7. *Liability of connecting lines of carriers; case stated.* Appellee, at New York, purchased passenger tickets for herself and children from the agent of the Erie Railroad Company, to Austin, Texas. Her baggage consisted of four packages, and the same was received as baggage by the Erie Railroad Company to be carried to Austin, Texas, and was carried to said destination over the line of said Erie Railroad and connecting lines, appellant's line of road being one of said connecting lines. Her baggage exceeded the weight required to be carried free of charge, and of this fact she was informed by the agent of the Erie Railroad Company at New York, and she arranged with said agent to pay the extra charge at Austin, and did pay said extra charge at Austin to appellant's agent at that place. A portion of her baggage was lost on the route, and another portion was damaged, and joined by her husband she brought this suit to recover damages for such loss and injury, and recovered judgment for $189.50 and costs. There was no proof that the loss and injury to the goods occurred while said goods were in the possession of appellant, and it is insisted by appellant that in the absence of such proof it is not liable therefor. In answer to this, appellees submit the proposition that, "when connecting lines of railroads are operated in conjunction with each other, sell through passenger tickets, and give baggage checks which each recognize, and the passenger and his baggage are allowed to pass thereon without extra charges, each road

becomes the agent of all the others to transport the baggage to the place of destination, and is liable for any damage to or loss of the baggage, without the owner being compelled to prove when or how the loss occurred." This proposition is correct, and is supported not only by high authority but by reason. [W. & W. Con. Rep. §§ 205, 1252, 1253; Harp v. Erie R. R. Co. 1 Woods' C. C. Rep. 184; Hunt v. R'y Co. 4 Selden, 37; McCormick v. R'y Co. 4 E. D. Smith, 181; 2 Red. on R'ys, § 171.] In this case appellee's passenger tickets and baggage checks were recognized on all the lines over which she traveled from New York to Austin. Such being the facts of the case, it was not necessary for appellees to allege and prove that the baggage was lost and damaged while in appellant's possession, or that appellant entered into any express contract to transport the same. By recognizing the baggage checks and receiving the baggage, it ratified the contract made with the agent of the Erie Railroad Company at New York, and thereby became liable for the loss of or injury to the baggage, whether or not such loss or injury occurred on its line.

§ 8. *Liability for goods received as baggage.* Among the articles contained in appellee's baggage, which were lost or injured, were the following, viz.: a family portrait, a group of photographs framed; a meerschaum pipe; a five-light chandelier and a mirror. It is contended by appellant that these articles were not baggage, and that it is not, therefore, liable for their loss or injury. *Held:* As appellant received the same as baggage, and charged and received extra compensation for the same as baggage, at baggage rates, no questions being asked by its agents as to the character of the goods, and no misrepresentation having been made by appellees in relation thereto, appellant is responsible for the loss and damage, although the articles were not such as are ordinarily included in the term baggage. [Stoneman v. R. R. Co. 52 N. Y. 429; Hannibal R. R. Co. v. Swift, 12 Wall. 262.] Judge Hurt further remarks as follows: "The writer is

thoroughly impressed with the conviction that the just, reasonable and sensible rule upon this subject should be to hold the carrier responsible for whatever he receives as baggage from the traveler, within such limits as to weight and amount as the carrier may fix and prescribe. When we consider the great increase of travel and inter-communication among the people in modern times, the above rule, I think, becomes imperative. Who are the traveling public? What knowledge has it of the law governing this question? How many, or what propor-tion of the people generally, understand, or have the faintest idea of what constitutes baggage, or what arti-cles do not constitute baggage? I venture the assertion that not one in a thousand has anything like a correct knowledge of the law upon this subject. Page upon page, yea, volume upon volume, if placed in book form, have been written upon the subject, and yet the legal profession, the judges included, continue to be worried and perplexed to determine correctly this question. Hence the great necessity of a plain, practical rule of law, holding the carrier responsible for the loss or dam-age in all cases in which he received the property as bag-gage, whether he knew its character or not. If, however, inquiry be made of the owner as to the character of the property, and false and fraudulent answers be made thereto, then the carrier should only be held responsible for that which properly constitutes baggage."

October 28, 1885.                     Affirmed.