This was an action by the assignee of a commercial firm for the loss of a trunk which was carried by the traveling salesman of the firm and was lost by the defendant. This trunk contained sample merchandise of the character in which the firm dealt, and was put upon one of the defendant's trains by direction of the salesman, who was a passenger from Rochester to New York, on the 23rd day of October, 1897. The salesman purchased a passage ticket on the defendant's road from Rochester to New York, which contained the following limitation: "In consideration of extended time within which journey may be begun, holder hereof releases R.R. Co. from all liability as to baggage, except for wearing apparel, not exceeding in value one hundred dollars." The salesman procured the trunk to be delivered at the railroad station and checked as baggage, paying eighty-five cents for excessive weight. By the defendant's rules a passenger is entitled to have carried free one hundred and fifty pounds of personal baggage, and by this rule baggage consists only of wearing apparel and such personal effects as may be necessary for the use and comfort of the passenger while traveling. Baggage in excess of that amount was to be paid for. The rule also provides that sample cases or trunks containing merchandise will be carried as an accommodation to commercial travelers and may be checked when a release from liability is signed in consideration of its transportation *Page 95 
on passenger trains as baggage; and in case personal baggage and samples of merchandise are contained in the same trunk, a release must be signed for the samples, and agents are directed to refuse to check the same unless this is done. The baggagemen by this rule are directed to refuse to check baggage that does not consist strictly of personal effects unless this release is properly filled out and signed by the owner or the agent of the owner. The form of this release appears in this case, and by its terms the company is discharged from all liability for baggage whether the same arises from carelessness or negligence however gross on the part of the company, or its agents or servants, or from any cause whatever.
It appears that the salesman, who had the trunk in question, had on previous occasions signed these releases, though he stated that he never read them; but that there was no release signed on the occasion of the delivery of the trunk in question, nor did he make known to any of the servants of the company its contents, and there is no evidence in the case to show that the defendant, or any of its servants, on this or any other occasion knew the fact that the trunk carried by this salesman contained merchandise, except as that fact was to be inferred from its appearance.
It appears that the salesman had been in the employ of the firm for about twelve years, and during that time had been a passenger upon the defendant's road, but whether the trunk in question had ever been seen prior to the occasion in question by any of the defendant's agents or servants at Rochester does not appear. The claim for damages for the loss of the trunk was assigned by the firm to the plaintiff. These are the undisputed facts that appear in the record, and the question is whether the plaintiff was entitled to recover.
At the close of the proofs the defendant's counsel made a motion for a nonsuit on the ground, among others, that there was no evidence that the defendant had any knowledge that the trunk contained merchandise, and that there was no proof of a contract to carry a trunk containing merchandise on a passenger train, and that inasmuch as the trunk did not contain *Page 96 
baggage there could be no recovery. The motion was denied and the defendant excepted. The defendant's counsel then asked the court what question he proposed to submit to the jury. The court then asked the defendant's counsel what question he desired to submit to the jury, and the counsel replied that he did not desire to have any question submitted. The plaintiff's counsel then stated that he proposed to leave the case to the court, if the defendant's counsel was willing. The defendant's counsel did not accept this offer, but stated explicitly that he proposed to stand on his motion for a nonsuit. The plaintiff's counsel then asked the court to direct a verdict in his favor for the value of the trunk and contents, being five hundred and forty-two dollars and ten cents, and thirty-five dollars interest. The defendant's counsel objected to the direction of a verdict for the plaintiff, and made a special objection to the allowance of interest, but these objections were overruled. The court then directed a verdict in favor of the plaintiff for five hundred and seventy-seven dollars and ten cents, and to this direction the defendant's counsel excepted. The questions of law presented by the record are, therefore, before this court for review.
The plaintiff cannot recover in this case unless he established a contract, express or implied, on the part of the defendant to carry merchandise for the salesman on a passenger train. It is not and cannot be claimed that there was any express contract creating the relations of a common carrier of goods between the salesman and the defendant. The only express contract made is represented by the passenger ticket sold to the salesman, and that was a contract to carry him as a passenger, with his personal baggage. But it turned out that what he had in the trunk was goods, and not baggage, which, under the defendant's rules, it did not carry on passenger trains, except in cases where the owner or passenger signed a release for any claim for damages in case of loss from any cause whatever. So that the salesman caused the trunk in question to be placed on a passenger train without any express contract on the part of the defendant to carry or be responsible *Page 97 
for it. Moreover, the defendant contends that the salesman caused the trunk to be placed upon the defendant's passenger train, against its rules, as baggage, when, in fact, it was not baggage, but goods.
There is but one ground upon which the defendant can lawfully be required to respond for the loss of the trunk and its contents, and that is in case it received and checked the same upon the train with knowledge of the fact that it contained goods instead of baggage. When a passenger who desires to have goods carried with him on a passenger train gives notice of that fact to the carrier, and the latter has notice of the fact in any way, and then receives and checks the trunk containing the goods, the relation of carrier and shipper is created by the transaction with all its duties and responsibilities. (Sloman v. GreatWestern Railway Co., 67 N.Y. 208; Stoneman v. Erie Ry. Co.,52 N.Y. 429.)
But in the absence of proof showing, or tending to show, knowledge of the contents of the trunk or package by the carrier in such cases, there can be no recovery, and such knowledge cannot be inferred from the appearance of the trunk or package containing the goods. (Humphreys v. Perry, 148 U.S. 627;Gurney v. Grand Trunk Ry. Co., 37 N.Y.S.R. 155; affd., on opinion below, 138 N.Y. 638; Cahill v. L. N. Railway Co.,
10 C.B. [N.S.] 154; affd., 13 C.B. [N.S.] 818; Blumantle v.Fitchburg R.R. Co., 127 Mass. 322; Alling v. B. A.R.R.Co., 126 Mass. 121.)
The case, therefore, is solved by a very simple inquiry, and that is, whether there is in the record anything showing, or tending to show, that the defendant had knowledge of the contents of the trunk in question when it received and checked it upon the train on the 23rd of October, 1897, other than the appearance of the same, which, it is held, is no evidence of knowledge at all. I confess I am unable to find any. It is said that the salesman was traveling, as such, for twelve years, but it does not appear that at any time he notified the defendant of the contents of the trunk, or that the defendant at any time acquired the knowledge in any other way, so that the *Page 98 
case stands upon the transaction when the trunk was shipped for the last time. A fact or circumstance that in itself proves nothing is not made any stronger when multiplied by twelve or any larger number. In my opinion there was no proof in the case to warrant a finding that the defendant had notice or any knowledge of the fact that the trunk in question contained goods instead of baggage.
But the learned trial judge evidently thought otherwise, and it distinctly appears from the opinion of the learned court below that reviewed the case on appeal, that it held that whether the defendant had or had not such notice or knowledge was a disputed question of fact. Grant, for the sake of the argument, that this view is correct, still, the disputed fact was not found by the jury and the action was one at law triable by jury. Either party had the constitutional right to have the facts determined by the jury. The learned court below held that the disputed fact necessary to support the plaintiff's case was found by the court without the aid of the jury, and that it had the right to take the question from the jury and decide it itself. This is an obvious error, since the doctrine upon which it is based would go far to destroy the right of trial by jury altogether. If sustained by this court, all that will be necessary hereafter when the plaintiff in an action at law has given proof of some fact or circumstance, which no one claims is conclusive in support of an issue of fact, is to request the trial judge to direct a verdict in his favor; and if such a direction is given against the defendant's objection and exception, still the disputed and necessary fact is to be deemed found by the court. The defendant could not be deprived of the right of a jury trial without its consent. It gave no such consent, nor did its counsel in any way waive the right. He moved for a nonsuit and excepted to the denial of his motion. He told the court that he had no question to submit to the jury, and obviously he had none from his view of the case, since he had just contended in his motion for a nonsuit that there was no case for the jury, as there was no proof that the defendant had knowledge of the contents of *Page 99 
the trunk. He told the court that he stood upon his motion for a nonsuit, and objected and excepted to the direction. How, under such circumstances, he consented to have the facts found by the court, or waived his rights to have them found by the jury, it is impossible to conceive. The defendant's counsel did not need any finding and did not want any finding. All he asked was that his client should be left alone. When his motion for a nonsuit was denied, and he concluded to stand upon that, he had no interest in anything else that took place. But it was quite different with the plaintiff. Before he could have judgment in his favor, it was necessary that the important fact in dispute should be found in his favor, and it was his business to procure the finding in the proper way. The defendant's counsel could remain silent and let the plaintiff try his side of the case. The plaintiff's counsel should then have gone to the jury and asked them to find the disputed fact, which was an essential part of his case, and which the other side was not interested in at all. When he asked and accepted the direction of a verdict in his favor by the court, he asked and accepted what he was not entitled to. The learned counsel for the plaintiff cites two cases to show that this practice is correct. (Smith v. Weston, 159 N.Y. 194; Adams
v. Roscoe Lumber Co., Id. 176.) They have no application to the question here, since it appears that they are cases where both sides asked the court to direct a verdict. All the parties may by such a request clothe the court with power to decide all the questions in the case, but it has never been held that one
party could do it against the protest of the other. It is safe to say that no authority can be found to justify the practice followed in this case, and it has been often condemned in this court. The rule that governs the question has been thus stated in this court more than once: "In a case triable by a jury, the direction of a verdict is only justified where the evidenceconclusively establishes the right of the party in whose favor it is made." (Bulger v. Rosa, 119 N.Y. 459; Bagley v.Bowe, 105 N.Y. 171; Dwight v. Germania Life Ins. Co.,
 *Page 100 103 N Y 341.) It is not necessary for the party against whom a verdict is directed upon evidence not conclusive to show that he requested to have the case sent to the jury. (Stone v. Flower, 47 N.Y. 566;Clemence v. City of Auburn, 66 N.Y. 334; Pratt v.D.H.M.F. Ins. Co., 130 N.Y. 212.) It would indeed be a rule of practice bordering on the absurd that would require a defendant in a case where a fact is in dispute, in order to preserve his right to have the fact found by the jury, to assert by such a request that there is evidence tending to prove the plaintiff's case, when upon a motion for a nonsuit just denied, he contended that there was no evidence whatever. He may preserve his rights by an exception to the direction of a verdict and without taking two positions before the court so manifestly inconsistent.
It is only necessary to add that if there is in this record any evidence at all of knowledge by the defendant of the contents of the trunk, no one ventures to assert that it was conclusive.
The judgment should be reversed and a new trial granted, costs to abide the event.
HAIGHT, MARTIN and VANN, JJ., concur, with BARTLETT, J., for affirmance.
PARKER, Ch. J., concurs with O'BRIEN, J., for reversal.
LANDON, J., dissents upon the ground that defendant, having, notwithstanding the denial of its motion for a nonsuit, objected to a direction of a verdict, the court should have submitted the facts to the jury.
Judgment and order affirmed.