## AMORY v. WABASH RAILROAD CO.

1. PASSENGERS—BAGGAGE.

    The baggage which a passenger on a railroad is entitled to have carried is the articles which are necessary or requisite for his personal convenience.

2. MERCHANDISE CARRIED AS BAGGAGE — LIABILITY OF CARRIER.

    A railroad company is liable for the loss of merchandise carried in the trunks of a passenger as baggage, if it has notice or knowledge of the contents of the trunks.

3. SAME—EVIDENCE—NOTICE TO CARRIER.

    Where plaintiff had traveled over defendant's railroad for several years, carrying merchandise in trunks which were of different style than the ordinary trunks, and the baggage man knew the plaintiff and his business, and a witness testified that the baggage man said, when the trunks were brought to the depot by an employé of an omnibus line, that the plaintiff was a dress man,— he had ladies' dresses, and brought them over from Paris,— there was evidence tending to show that defendant had knowledge of the character of the contents of the trunks.

Error to Wayne; Donovan, J. Submitted April 10, 1902. (Docket No. 43.) Decided April 22, 1902.

Case by William R. Amory against the Wabash Railroad Company to recover the value of goods lost in transit. From a judgment for plaintiff, defendant brings error. Affirmed.

This is an action to recover the value of merchandise or samples, shipped by plaintiff as a passenger, and lost or stolen in transit.

In the conduct of his business the past six or seven years, William R. Amory, a ladies' tailor and milliner of Detroit, had been making semi-annual visits to Paris, to secure the latest fashions, bringing back with him suits, single garments, and millinery. With these he made

quarterly trips to St. Louis, Cincinnati, and Cleveland, and occasionally to Chicago, Pittsburg, and Toledo, where he exhibited the samples or models for the purpose of sale, or the taking of orders for duplication. These goods were carried in trunks, originally procured in Paris, of which he had 10, of about the same size,—3 feet 5 inches long, 1 foot 11 inches wide, 2 feet 2½ inches high. On May 13, 1900, he started from Detroit for St. Louis, Mo., on one of his trips, with four employés, taking his entire stock of garments and millinery, of a total approximate value of $10,015, packed in six trunks,—five of the same size, and one a little larger, with square top. These were sent to the Union Station baggage room by an omnibus line wagon about 12:30 p. m., receipted for by a porter, and placed upon a transfer truck, where they remained until checked, and loaded on the 3:30 p. m. Wabash train for St. Louis. The party of five persons arrived at the depot about 3 o'clock, and, before boarding the train, Mr. Amory attended personally to the checking of the trunks, going to the baggage room and presenting to the Union Station baggage master five mileage books for their transportation. He said nothing to Baggage Master Jones, who checked the trunks, as to what they contained, and no inquiry was made. If plaintiff had notified Jones of the character and value of the contents of the trunks, or if Jones knew that they contained merchandise, it would have been the duty of Jones, before consenting to check them, to require of Mr. Amory a shipping contract, or release, reading as follows:

"In consideration that said company has consented to carry the property covered by this agreement upon its passenger trains, and for a rate based upon the valuation thereof hereinafter given, I agree that the value of said property does not exceed the sum stated, and that no claim beyond its value as herein stated shall be made against said company, or any of its connecting lines, on account of any injury to, or loss or destruction of, such property from any cause whatever."

For six years Mr. Amory had been making trips with his trunks over this road, four times a year. Jones, the baggage master, had been employed by the defendant in that capacity during all this time. An employé of the omnibus line delivered the trunks, and testified that he said to the employés at the baggage room, to whom he delivered them, that he had six trunks for Mr. Amory, the ladies' tailor. Mr. McCormick, one of these men, testified that Mr. Jones said to him that "Mr. Amory was a dress man; he had ladies' dresses, and brought them over from Paris." The trunks had European baggage stamps on them. At the same time four empty hat boxes were sent with the trunks to the depot, to be sent by express, with the name, business, and address of Mr. Amory upon them.

The testimony of Mr. Jones is evasive. When asked whether the trunks differed in any way from the ordinary run of trunks containing baggage, he replied, "Well, I took them to be personal property." Again, when asked if they differed in their general appearance from ordinary trunks, he replied, "Well, all I could see, some of them had canvas covers on." Again he said, "They were something like show baggage or family baggage; that is what I took them for."

Upon arrival at the Southern Hotel, St. Louis, the following morning, one of the trunks was found to have been broken open, the contents disarranged, and goods to the amount of $385 were missing. Verdict and judgment for plaintiff.

*Thomas W. Parker* ( *Alfred Russell*, of counsel ), for appellant.

*E. T. Wood*, for appellee.

GRANT, J. ( *after stating the facts* ). Counsel do not disagree as to the law of the case. The statute provides for compensation for transporting any passenger and his

ordinary baggage, not exceeding in weight 150 pounds. 2 Comp. Laws, § 6234, subd. 9. All the authorities agree that the baggage which a passenger is entitled to have carried is the articles which are necessary and requisite for his personal convenience. Story, Bailm. § 499. If a passenger ships merchandise in his trunk without notice to the railroad company, or knowledge on its part, of the contents of the trunk, the company is not responsible for its loss. It is the duty of the passenger to give the carrier notice that his trunk contains merchandise, or things which cannot be included as baggage, unless the carrier has knowledge that the contents of the trunk are not baggage, but merchandise. Knowledge is equivalent to notice. The question, therefore, is, in this case, Was there any probative testimony from which a jury could infer that Mr. Jones, the agent of the defendant, knew that these trunks contained merchandise?

We think this question must be answered in the affirmative. If the jury believed Mr. McCormick, Mr. Jones did know that Mr. Amory's trunks contained merchandise, and that he was transporting such merchandise for business purposes. Were it not for the testimony of Mr. McCormick, the question would be more doubtful. But, in connection with that, the fact that Mr. Amory had traveled over this road so often for several years, using these same trunks; that they were delivered by an employé of the omnibus line as the trunks of Mr. Amory, the ladies' tailor; that Mr. Jones knew Mr. Amory and his business; and the large and uniform size of the trunks,— were competent for the jury to consider in connection with Mr. McCormick's testimony in determining Jones' knowledge of the character of the contents of the trunks. *Sloman* v. *Railway Co.*, 67 N. Y. 208; *Jacobs* v. *Tutt*, 33 Fed. 412; *Hannibal Railroad* v. *Swift*, 12 Wall. 262; 2 Fetter, Carr. Pass. § 606; *Ft. Worth, etc., R. Co.* v. *Rosenthal Millinery Co.*, (Tex. Civ. App.) 29 S. W. 196; *Oakes* v. *Railroad Co.*, 20 Or. 392 (26 Pac. 230, 12

L. R. A. 318, 23 Am. St. Rep. 126). See, also, *Lake Shore, etc., R. Co.* v. *Hochstim*, 67 Ill. App. 514.

Judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.