DAHROOGE *v.* PERE MARQUETTE RAILROAD CO.

1. CARRIERS — BAGGAGE — LOSS — LIABILITY — MERCHANDISE — NO-
   TICE.
   Though, in the absence of notice of the character of the prop-
   erty shipped, a carrier is not liable for the loss of merchan-
   dise shipped as baggage by a passenger, the notice need not
   be express, and it is sufficient if the carrier or its agent have
   notice or knowledge of facts sufficient to put it upon inquiry
   as to the character of the baggage.

2. TRIAL—ARGUMENT—FAILURE TO PRODUCE TESTIMONY—PREJU-
   DICE.
   In the trial of an action against a railroad company for the
   loss of goods shipped as baggage, it is not prejudicial for
   counsel to state, in commenting on the failure of defendant
   to produce testimony contradicting plaintiff's evidence as to
   the value of the goods, that defendant has plenty of money
   to do business with, and could produce witnesses on the point
   if any were to be had, though reference to defendant's ability
   should be omitted.

Error to superior court of Grand Rapids; Stuart, J.
Submitted April 18. 1906. (Docket No. 90.) Decided
July 3, 1906.

Case by George Dahrooge against the Pere Merquette
Railroad Company to recover the value of goods lost in
transit. There was judgment for plaintiff, and defend-
ant brings error. Affirmed.

*F. W. Stevens* (*Charles McPherson*, of counsel), for
appellant.

*G. A. Wolf* (*S. Wesselius*, of counsel), for appellee.

MONTGOMERY, J. ⎯⎵e plaintiff is a merchant, who
travels from place to place by rail, taking with him his
stock, consisting, in large part, of fine silk apparel for
ladies. On October 25, 1904, he was at Ludington, and,

desiring to go to Traverse City, purchased a ticket over defendant's line and had his goods checked as baggage. He had four parcels with him—one zinc trunk, two large telescopes, and a hand satchel. The last he did not check, but the first three were checked and marked on the agent's memorandum, " Z. T., Tel. and S. C.," meaning zinc trunk, telescope, and sample case. Plaintiff testified that he told the agent that he was a sample merchant. The agent testified that plaintiff said nothing to him as to the contents of the baggage and that he did not have any knowledge of its contents. One of the telescopes was never delivered to plaintiff, and this action was brought to recover the value of its contents. Judgment passed for plaintiff in the sum of $1,325. Defendant brings error.

The trial judge charged the jury as follows:

" If a passenger ships merchandise in his trunk, without notice to the railroad company or knowledge on its part of the contents of the trunk, the company is not responsible for its loss. It is the duty of the passenger to give the carrier notice that his trunk contains merchandise, or things which cannot be included as baggage, unless the carrier has knowledge that the contents of a trunk are not baggage but merchandise.   *   *   *

" For the purpose of showing that the defendant had notice, you have heard the testimony of the plaintiff as to his conversation with the baggageman Smith, at Ludington, when he checked the baggage. You have also heard the testimony of baggageman Smith in regard to what took place, and it is for you to say whether the baggageman, Mr. Smith, was notified or had sufficient knowledge from the facts surrounding the case that the contents of this telescope was merchandise or not.

" The notice to the railroad or its agent need not be an express notice. If the agent or the company had sufficient notice or knowledge of the facts to put a person on inquiry it is equivalent to notice.

" If you find, by a fair preponderance of the evidence, that the plaintiff was a passenger as claimed, and that he informed the defendant's agent, the baggageman at Ludington, when he checked the baggage and telescopes, that they contained samples or merchandise, and that they had

notice in any way, and that the goods in question while in transit were lost by the defendant's negligence, such information is sufficient notice to render the defendant liable for such negligent loss; but if, on the other hand, you do not find, by a fair preponderance of the evidence, that the plaintiff informed the baggageman, the agent at Ludington, when he checked the baggage, or that he and the company did not know the character of the baggage, that the telescope in question contained samples or merchandise, I say, if you do not find that to be the fact, that would be the end of the case, and your verdict would have to be no cause of action.    *    *    *

"But the passenger cannot require the railroad company to carry as baggage to be checked on his ticket articles of merchandise which the passenger carries to sell or exhibit as samples.    The articles of women's wearing apparel which the plaintiff claims to have lost were not such articles as he was entitled to have checked as his personal baggage; but unless, as I have said, you find that the agent of the defendant who received such articles at Ludington as plaintiff's baggage was notified, or the company had knowledge, that the satchel or telescope which the plaintiff claims to have lost contained articles of merchandise not intended for the personal use of the plaintiff on his journey, your verdict must be for the defendant."

Error is assigned upon that portion of the instruction which states that notice to the agent need not be express notice, but that, if the agent or the company has sufficient notice or knowledge to put a person on inquiry, it is equivalent to notice.    In view of the issue presented, it must be inferred that the jury would understand from this instruction that the agent must, before liability could be affirmed, be found to have had knowledge that the parcels contained something other than the plaintiff's personal luggage.    In *Amory* v. *Railroad Co.*, 130 Mich. 407, it was said:

"It is the duty of the passenger to give the carrier notice that his trunk contains merchandise or things which cannot be included as baggage, unless the carrier has knowledge that the contents of the trunk are not baggage, but merchandise."

It was also held that knowledge was equivalent to notice. And in that case it was permitted the jury to find knowledge without proof of direct notice. It would seem to follow that notice of such facts as show that the agent had direct knowledge that the plaintiff was sending something other than his personal luggage was sufficient to call upon the agent to make inquiry. Wade on Notice, § 11. A charge in the language of the one under consideration was distinctly approved in *Ft. Worth, etc., R. Co.* v. *Millinery Co.* (Tex. Civ. App.), 29 S. W. 196. See, also, *Sloman* v. *Railway Co.*, 67 N. Y. 208. In *Kansas City, etc., R. Co.* v. *McGahey*, 63 Ark. 344 (36 L. R. A. 781), it was said:

" When a passenger presents to the carrier for transportation his goods and chattels, and makes known what they are or exposes them to view or packs them in a way to give to any one concerned good reason to understand and know that they are not usually carried as baggage, and demands transportation of them as his luggage, and the carrier receives and carries them accordingly, he will be responsible for them as baggage, notwithstanding he was not bound to accept and transport them as such."

See note to this case in 36 L. R. A. 781, where the cases are collated.

In the course of the argument of plaintiff's counsel, he used the following language:

" They brought a man over here from Friedman's to do what ? To swear that these goods had a certain value. If they had a good defense in this case, they would have come here with witnesses to swear that there were no goods of this value made to sell. That would have been a good defense. This town is full of silk houses and dry goods clerks. Have you heard from a single witness in this case who comes here to testify that garments of this rustle silk and Chinese silk, worth $35 to $60, are not made and are not sold to these women ? No; not a word about that. This railway company has behind it all the money it needs to do business.

" *Mr. McPherson :* I take an exception to that statement.

"*Mr. Wesselius :* Is there any harm in saying that the railway company has money sufficient to do business with? It is within their province and it was within their power to take the deposition of the one man who brought these goods to the city of Grand Rapids."

No request was preferred to the court covering the subject; but on a motion for a new trial it was urged that this was prejudicial to defendant, and error. The case of *Cavanagh* v. *Township of Riverside*, 136 Mich. 660, is cited in support of this claim. In that case the comment on defendant's failure to call a witness went further. Plaintiff's counsel undertook to tell the jury what the witness would have been compelled to testify to if placed on the stand. In the present case the comment called attention to the absence of testimony only. While the reference to the defendant's ability to procure witnesses should have been omitted, we agree with the trial judge that it was not calculated to prejudice the jury. No appeal was made to the jury, except one based on the absence of testimony to meet the case made by the plaintiff.

No error appears. Judgment affirmed.

CARPENTER, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.